THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JOHNSON, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CARPENTERS OF WESTERN WASHINGTON BOARD OF TRUSTEES, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C22-1079-JCC<br><br>ORDER |

This matter comes before the Court on Defendants Martin Holberg, Randy Boettcher, Jeff Foushee, Kurt Hildebrand, Eric Jones, Andrew Ledbetter, Jim Osborne, Doug Peterson and Wilf Wainhouse's (collectively, the "Moving Parties") Motion for Declaratory Judgment and Indemnification (Dkt. No. 33) and Plaintiffs' Motions to Strike (Dkt. Nos. 53, 54). Having thoroughly considered the briefing, and the relevant record, and finding oral argument unnecessary, the Court GRANTS the Motion for Declaratory Judgment and Indemnification (Dkt. No. 33) and DENIES Plaintiffs' Motions to Strike (Dkt. Nos. 53, 54) for the reasons explained herein.

I.　**BACKGROUND**

This case presents a tangled web of issues, but the facts relevant to the present motion are as follows. Plaintiffs filed a putative class action—under the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. § 1000, *et seq*. ("ERISA")—on behalf of union carpenters in Washington, Idaho, Montana, and Wyoming, who were automatically enrolled in two distinct collectively bargained retirement plans: the (1) Carpenters Individual Account Pension Plan of Western Washington ("the Contribution Plan"), and the (2) Carpenters Retirement Plan of Western Washington ("the Benefit Plan") (collectively, "the Plans.") (Dkt. No. 1 at 2.) The Plans are managed by Defendant Carpenters of Western Washington Board of Trustees ("the Board") and its financial advisor, Defendant Callan LLC. (*Id*. at 4.) During the relevant time period, the individually named Defendants allegedly served on the Board. (*Id*.) Those persons, along with the Board and Callan LLC, are collectively "the Defendants" in this matter. The Plaintiffs claim the Defendants mismanaged the Plans by investing in highly speculative indexes, which incurred over $250 million in losses. (*Id.* at 5–9.)

The Moving Parties seek to establish that the Board is responsible for indemnifying them in this action. (*See generally* Dkt. No. 33.) Defendant Ken Ervin moves to join the present motion. (*See generally* Dkt. No. 35.) The Board seeks to stay this judgement, or in the alternative, to limit the scope of indemnification. *(See generally* Dkt. No. 48.) Plaintiffs oppose the indemnification request entirely. (*See generally* Dkt. No. 51.) Separately, Plaintiffs seek to strike the indemnification claims in the Moving Parties' and Defendant Steve Hoffman's answers. (Dkt. Nos. 53, 54.) Because these issues are inextricably intertwined, the Court will consider them together.

## II.   DISCUSSION

### A.   Legal Standard

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Congress created this remedy, in part, to allow [a] potential [party] to file preemptive litigation to determine whether they have any legal obligation[] to their

potential adversar[y]." *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (citing *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996)). The Court has discretion to grant or deny declaratory relief. *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 852 (9th Cir. 2011).

**B.     Stay is Not Warranted**

On October 3, 2022, the insurance broker for the trusts at issue, the Marsh McLennan Agency ("MMA"), offered the Board a settlement proposal regarding insurance coverage for the Board and its former members in the ongoing litigation. (Dkt. No. 49-1 at 2.) The Board argues that this offer "obviates the need of any trustee to seek reimbursement from the Trusts at this time." (Dkt. No. 48 at 2.) The Moving Parties assert that the settlement negotiation between the Board and its insurance provider has "no relation to the contractually mandated indemnification of volunteer trustees." (Dkt. No. 66 at 6.) The Court agrees with the Moving Parties. If the Board seeks to indemnify itself via agreements reached with third parties, it can do so in a separate action; those relationships and agreements are not related to the current issue before the Court. Therefore, this judgement will not be stayed.

**C.     Indemnification**

It is undisputed that the Trust Agreements[1] contain indemnification provisions that require the Trust to indemnify individual trustees under certain conditions.[2] The issue before the Court is the scope of the indemnification as it relates to reasonableness, and potential fiduciary violations.

   *a.   Reasonableness*

---

[1] The "Trust Agreements" refers to the (1) Trust Agreement Governing the Carpenters Retirement Trust of Western Washington, and (2) the Trust Agreement Governing the Carpenters of Western Washington Individual Account Pension Trust, as in effect January 1, 2019. (Dkt. Nos. 34-3, 34-4.)

[2] The Plaintiffs seem to disagree, but for reasons explained elsewhere, (*see infra* Part II(D)), they lack standing to object.

The Board argues that the Trust Agreements only provide trustees with reimbursement of reasonable and necessary costs and expenses. (Dkt. No. 48 at 2.) The Moving Parties concede that "the Trust Agreement and ERISA clearly lay out any limitations on such reimbursement, including ERISA's requirement that fees be necessary and reasonable." (Dkt. No. 66 at 7.) The Court affirms that these limitations are consistent with the language of both the Trust Agreements, and ERISA. (*See* Dkt. Nos. 34-3 at 17; 34-4 at 17); 29 U.S.C. §§ 1104(a), 1106(a)(1)(C), 1108(b)(2). Therefore, the Court DECLARES that the Moving Parties are entitled to indemnification and reimbursement of **reasonable** costs and expenses.[3]

      b. *Personal liability*

The Board asserts that an individual trustee will be obligated to repay any indemnification coverage if they are found to have violated their fiduciary duty. (Dkt. No. 48 at 5.) The Moving Parties concede this point, and the Court affirms that this indemnification carve-out is consistent with the Trust Agreements, ERISA, and the relevant case law. (*See* Dkt Nos. 34-3 at 30; 34-4 a 24–25); 29 U.S.C. §§ 1109–1110; *Johnson v. Couturier*, 572 F.3d 1067, 1078 (9th Cir. 2009); *Kim v. Fujikawa*, 871 F.2d 1427, 1432–33 (9th Cir. 1989). Therefore, the Court DECLARES that if a final court decree establishes personal liability on the part of a specified trustee, the trustee will be required to bear his or her own costs of defense and will be obligated to repay any indemnification payments for his or her pro rata share of costs and fees. (Dkt. No. 66 at 7.)

      c. *Source of indemnification*

The Moving Parties ask the Court to order that reimbursement and indemnification be made solely from the Benefit Plan. (Dkt. No. 33 at 11). However, the Court will defer to the

---

[3] The Board raises legitimate concerns regarding the disjointed haphazard representation of individual trustees named in this action. (Dkt. No. 48 at 6–8.) The Court recognizes that the indemnification obligation at issue is not a blank check. The Moving Parties, and all individual trustees covered under the Trust Agreement, are hereby advised to abide by reasonable standards of litigation practice.

Board, at this time, to decide the appropriate source of indemnification. Therefore, this request is DENIED.

### D. Plaintiffs' Opposition and Motions to Strike

Plaintiffs' opposition (Dkt. No. 51) and motions to strike (Dkt. No. 53, 54) fail for lack of standing. Plaintiffs attempt to establish standing by citing Federal Rule of Civil Procedure 14. Under Rule 14(a)(1) "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). And "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." *Id*. at 14(a)(4).

However, the Moving Parties' motion for indemnification is not directed at a third-party. (*See generally* Dkt. Nos. 33, 35.) And neither is their crossclaim. (*See generally* Dkt. No. 32.) And while Defendant Hoffman invokes Rule 14 in his claims against the Trust Funds, (Dkt. No. 45 at 35), his motion is properly construed as a crossclaim under Rule 13 because Defendant Board is the real party in interest. (*See* Dkt. No. 67 at 13.) Therefore, Rule 14 does not apply. Rule 13 does.

Plaintiffs then try to establish substantive standing on the grounds they have a "personal stake in the outcome" of this motion and an "injury in fact." (Dkt. No. 51 at 6.) But they have not pled sufficient facts to satisfy this standard. Instead, they pleaded conclusory claims and relied on unpublished, out of circuit cases. (Dkt. Nos. 51 at 6; 83 at 5.) This is unpersuasive in light of controlling precedent to the contrary. *See Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020). Alternatively, Plaintiffs argue they "do not need 'standing' to strike the management trustees' crossclaims." (Dkt. No. 83 at 5.) Once again, Plaintiffs improperly conflate Rule 14. Therefore, the Court STRIKES Plaintiffs' opposition (Dkt. No. 51) and DENIES Plaintiff's motions to strike (Dkt. Nos. 53, 54).

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Moving Parties' motion, (Dkt.

1  No. 33), and Ken Ervin's motion, (Dkt. No. 35), subject to the limitations expressed in this order,
2  and DENIES Plaintiffs' Motions to Strike (Dkt. Nos. 53, 54).
3  DATED this 3rd day of November 2022.

                                                                       *[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE