The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Terrance Johnson, Bret Yahraus, and Jacy Purkiss, individually and as the representatives of a class of similarly situated persons, and on behalf of the Carpenters of Western Washington Individual Account Pension Plan and the Carpenters Retirement Plan of Western Washington, | No. 2:22-cv-01079-JHC |
| | **DEFENDANT CALLAN LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Plaintiffs, | **NOTED FOR CONSIDERATION: SEPTEMBER 12, 2025** |
| v. | **ORAL ARGUMENT REQUESTED** |
| Carpenters of Western Washington Board of Trustees, Callan LLC, Gerald Auvil, Noe Castillo, Ken Ervin, Jeff Foushee, Kurt Hildebrand, Steve Hoffmann, Martin Holberg, Dan Hutchins, Ryan Hyke, Andrew Ledbetter, Ron Montoya, Jim Osborne, Tim O'Neill, Doug Peterson, Rick Poitras, Danny Robins, Evelyn Shapiro, Bob Susee, Jeff Thorson, Doug Tweedy, and Wilf Wainhouse, | |
| Defendants. | |

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**TABLE OF CONTENTS**

**Page**

OVERVIEW ............................................................................................................... 1

FACTUAL ALLEGATIONS ..................................................................................... 3

     A.     The Complaint. ........................................................................................ 3

     B.     The Plans. ................................................................................................ 4

     C.     The Funds. ............................................................................................... 4

     D.     The Plans' Investments and Recovery of All Losses. .............................. 5

     E.     The Complaint's Theory of Liability Against Callan. ............................. 6

PROCEDURAL BACKGROUND ............................................................................. 7

LEGAL STANDARD ............................................................................................... 8

ARGUMENT ............................................................................................................. 8

I.     PLAINTIFFS DO NOT ADEQUATELY PLEAD A BREACH OF FIDUCIARY DUTY CLAIM UNDER ERISA. ................................................................................. 8

     A.     The Complaint Fails to Present Meaningful Benchmarks Against Which to Compare the Plans' Performance. ......................................................... 9

     B.     The Complaint's Hindsight-Based Per Se Theory of Imprudence Fails ............... 12

II.     PLAINTIFFS' COMMON LAW CLAIMS ARE PREEMPTED. ................................... 14

     A.     ERISA Expressly Preempts Plaintiffs' State Law Claims. ................................... 14

     B.     Plaintiffs' State Law Claims Conflict with ERISA and Are Preempted. ............. 15

CONCLUSION .......................................................................................................... 16

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - i
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Health Inc. v. Davila*,
542 U.S. 200 (2004)........................................................................................................15, 16

*Anderson v. Intel Corp. Inv. Policy Comm.*,
137 F.4th 1015 (9th Cir. 2025) ................................................................................ *passim*

*Anderson v. Intel Corp. Inv. Policy Comm.*,
579 F. Supp. 3d 1133 (N.D. Cal. 2022), *aff'd*, 137 F.4th 1015 (9th Cir. 2025).................10, 11

*Anderson v. Intel Corp.*,
No. 19-cv-04618-LHK, 2021 WL 229235 (N.D. Cal. Jan. 21, 2021), *aff'd sub nom. Anderson*, 137 F.4th 1015 (9th Cir. 2025) ...........................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................................8

*Beldock v. Microsoft Corp.*,
No. C22-1082JLR, 2023 WL 3058016 (W.D. Wash. Apr. 24, 2023) ............................2, 7, 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................8

*Dacumos v. Toyota Motor Credit Corp.*,
287 F. Supp. 3d 1152 (W.D. Wash. 2017)...............................................................................8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ................................................................................................4

*Davis v. Salesforce.com, Inc.*,
No. 20-cv-01753-MMC, 2020 WL 5893405 (N.D. Cal. Oct. 5, 2020) ............................10, 11

*DeBruyne v. Equitable Life Assurance Soc'y of U.S.*,
920 F.2d 457 (7th Cir. 1990) ................................................................................................9

*Flam v. Flam*,
No. 1:12-cv-1052 AWI DLB, 2016 WL 829163 (E.D. Cal. Mar. 3, 2016)..............................15

*In re Fraschilla*,
235 B.R. 449 (9th Cir. 1999) ................................................................................................8

*Henry v. Champlain Enters., Inc.*,
445 F.3d 610 (2d Cir. 2006)..................................................................................................9

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - ii
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

*Hurst v. Prudential Sec. Inc.*,
    923 F. Supp. 150 (N.D. Cal. 1995) ...............................................................................................8

*Ingersoll–Rand Co. v. McClendon*,
    498 U.S. 133 (1990)....................................................................................................................14

*Johnson v. Carpenters of W. Wash. Bd. of Trs.*,
    No. 23-35370, 2024 WL 3579492 (9th Cir. July 30, 2024).................................................7, 14

*Johnson v. Carpenters of W. Wash. Bd. of Trustees*,
    C22-1079-JCC, 2023 WL 3338214 (W.D. Wash. May 10, 2023), *rev'd and
    remanded*, No. 23-35370, 2024 WL 3579492 (9th Cir. July 30, 2024)...................................15

*Matney v. Barrick Gold of N. Am.*,
    80 F.4th 1136 (10th Cir. 2023) .............................................................................................10, 11

*Mattson v. Milliman, Inc.*,
    No. C22-37 TSZ, 2022 WL 2357052 (W.D. Wash. June 30, 2022).........................................10

*Meiners v. Wells Fargo & Co.*,
    898 F.3d 820 (8th Cir. 2018) ...................................................................................................10

*Nielsen v. Unum Life Ins. Co. of Am.*,
    58 F. Supp. 3d 1152 (W.D. Wash. 2014)............................................................................14, 15

*Oregon Teamster Emps. Tr. v. Hillsboro Garbage Disposal, Inc.*,
    800 F.3d 1151 (9th Cir. 2015) ...............................................................................................14, 15

*Penwell v. Providence Health & Servs.*,
    No. 2:19-cv-01786-RAJ, 2020 WL 3035566 (W.D. Wash. June 5, 2020).............................14

*Providence Health Plan v. McDowell*,
    385 F.3d 1168 (9th Cir. 2004) ...................................................................................................14

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) .................................................................................................4, 7

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
    119 F. Supp. 3d 1213 (C.D. Cal. 2015) ......................................................................................4

*Shelp v. Allergan, Inc.*,
    No. C18-1427-JCC, 2018 WL 6694287 (W.D. Wash. Dec. 20, 2018) .....................................4

*Snoqualmie Indian Tribe v. City of Snoqualmie*,
    186 F. Supp. 3d 1155 (W.D. Wash. 2016).................................................................................8

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ......................................................................................................8

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - iii
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

*Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v.*
　　*Morgan Stanley Inv. Mgmt. Inc. ("St. Vincent")*,
　　712 F.3d 705 (2d Cir. 2013)...................................................................................................9

*Taleff v. Sw. Airlines Co.*,
　　554 F. App'x 598 (9th Cir. 2014) ...........................................................................................4

*Tatum v. RJR Pension Inv. Comm.*,
　　761 F.3d 346 (4th Cir. 2014) .................................................................................................12

*Tibble v. Edison Int'l*,
　　729 F.3d 1110 (9th Cir. 2013), *vacated on other grounds*, 575 U.S. 523 (2015).....................9

*Wehner v. Genentech, Inc.*,
　　No. 20-cv-06894-WHO, 2021 WL 2417098 (N.D. Cal. June 14, 2021)...........................10, 12

*White v. Chevron Corp.*,
　　No. 16-cv-0793-PJH, 2016 WL 4502808 (N.D. Cal. Aug. 29, 2016) ....................................10

*White v. Chevron Corp.*,
　　No. 16-cv-0793-PJH, 2017 WL 2352137 (N.D. Cal. May 31, 2017), *aff'd*, 752
　　F. App'x 453 (9th Cir. 2018) ..................................................................................................9

*Wise v. Verizon Commc'ns, Inc.*,
　　600 F.3d 1180 (9th Cir. 2010) ...............................................................................................14

**Statutes**

29 U.S.C. § 1002(21)(A)(ii)...........................................................................................................14

29 U.S.C. § 1104...........................................................................................................................3

29 U.S.C. § 1144(a) ......................................................................................................................14

**Other Authorities**

44 Fed. Reg. 37,221, 37,225 (June 26, 1979) ..............................................................................12

44 Fed. Reg. 37,224 (June 26, 1979) ...........................................................................................12

Fed. R. Civ. P. 12(c) ......................................................................................................................1

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - iv
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Callan LLC ("Callan") respectfully moves for an order pursuant to Fed. R. Civ. P. 12(c) entering judgment on the pleadings dismissing Plaintiffs' First Amended Class Action Complaint (the "Complaint").

**OVERVIEW**

Plaintiffs are members of two retirement plans (the "Plans") that invested in two widely used institutional funds (the "Funds") marketed and managed by non-party Allianz Global Investors U.S. LLC ("Allianz"). The Funds employed an options-based strategy designed to generate high returns while protecting against market volatility. The Funds performed as expected for many years. In 2020, during the COVID-19 induced market volatility, Allianz deviated from the Funds' stated investment strategy leading to the collapse of one fund, and significant underperformance by the other. Subsequent SEC and DOJ investigations revealed a concealed years-long fraud by Allianz's internal portfolio management team. Allianz pled guilty to the fraud and settled with regulators for over $6 billion in fines and restitution. All of the portfolio managers for the Funds faced criminal indictments. The Plans experienced significant losses as a result. They were among a total of 114 institutional investors who had been victimized by Allianz's fraud. Due to the quick action of the Plans' Board of Trustees (the "Trustees"), the Plans recovered over $110 million in settlement proceeds from Allianz, resulting in a net gain on the Plans' original investments. Despite the undeniable fraudulent conduct that caused the losses, Plaintiffs assert that the Funds were inherently imprudent investments from the start. They claim that the Funds were simply too risky for the Plans' investment goals and that the Plans would be "tens of millions of dollars better off" had the Plans chosen more conservative investments.

On this theory, Plaintiffs initiated this action. They claim that the Trustees and the Plans' investment advisor, Callan, violated their duties of prudence under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Complaint, however, runs counter to ERISA's requirements. An ERISA plaintiff cannot merely assert that an investment is categorically improper nor allege that it would be "better off" in any number of different investment decisions. Absent specific allegations of imprudent conduct, which are not present in the Complaint, and to

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 1
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

meet the Rule 8 pleading standards, a complaint must contain alternative allegations from which the Court can infer an imprudent process. This Circuit now requires the presentation of a relevant comparator, or "meaningful benchmark," with similar aims and goals of the challenged investment to meet the Rule 8 specificity requirement. Absent this, the Court cannot draw an inference that the investment decision was imprudent. The Complaint is facially defective in that Plaintiffs fail to provide a meaningful benchmark at all.

It is for these reasons (and others) that Callan moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) and the Honorable John C. Coughenour dismissed it, finding Plaintiffs' duty of prudence claim to provide "nothing more than underperformance relative to other investment vehicles." ECF 134, n.4 (quoting *Beldock v. Microsoft Corp.*, No. C22-1082JLR, 2023 WL 3058016, at *3 (W.D. Wash. Apr. 24, 2023)). Plaintiffs, as this Court knows, appealed. They argued before the Ninth Circuit that they were excused from providing a meaningful benchmark. They asserted that the Funds were categorically imprudent and as a result the need for a benchmark comparator did not apply. In an unpublished, non-precedential memorandum order, the Ninth Circuit reversed the decision of Judge Coughenour and summarily found that Plaintiffs plausibly pleaded their imprudence claim. The panel did so without addressing the need for a meaningful benchmark despite it being specifically raised in the briefing and at argument.

The panel's decision was binding in this case, but it is no longer law in this Circuit. On May 22, 2025, the Ninth Circuit issued its ruling in *Anderson v. Intel Corp. Inv. Policy Comm.*, 137 F.4th 1015 (9th Cir. 2025), another ERISA duty of prudence case. In a binding and precedential opinion, the Ninth Circuit made clear: a meaningful benchmark is an indispensable component of pleading imprudence based on alleged underperformance. The Ninth Circuit held the need for a like comparator to be "implicit in ERISA's text," and dismissed the Anderson plaintiffs' duty of prudence claim absent plausible allegations of such a benchmark. *Id.* at 1022. It rejected the theory that a challenge to an investment strategy excuses the need to proffer a benchmark and further dismissed the plaintiffs' *per se* theory of categoric imprudence. *Id.* at 1024.

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 2
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

*Anderson* directly contradicts the panel's unpublished, non-precedential memorandum order in this case, which dispensed with the meaningful benchmark requirement entirely. As binding Ninth Circuit precedent, *Anderson* now controls.

Callan now brings this motion for judgment on the pleadings under *Anderson's* controlling decision. Plaintiffs do not plead a meaningful benchmark against which to judge the Plans' performance, and instead rely on a *per se* imprudence theory that courts—including the Ninth Circuit in *Anderson*—soundly reject. The Court should also enter judgment on Plaintiffs' common law claims pleaded in the alterative against Callan, as they are unquestionably preempted by federal law. The Plaintiffs have had multiple opportunities to plead their claims, and *Anderson* now forecloses them from proceeding.

## FACTUAL ALLEGATIONS

The source for the factual allegations set forth in this section is the Complaint, except for certain materials identified below that the Court may consider under Rule 12(c).

### A.    The Complaint.

Three named Plaintiffs, Terrance Johnson, Brent Yahraus, and Jacy Purkiss, bring their claims on behalf of a putative class of investors and also in a representative capacity on behalf of the Plans. The complaint's three counts raise one claim against the Trustees and three against Callan. ECF 82, ¶¶ 201-28.[1] The complaint alleges that the Trustees breached their fiduciary duties to Plaintiffs by investing the Plans in the Funds and seeks to hold Callan liable for providing investment advice to the Trustees. ¶¶ 1-2.

Count One alleges that the Trustees and Callan breached their respective duties of prudence under 29 U.S.C. § 1104 as fiduciaries to the Plans. ¶¶ 201-10. Count Two alleges in the alternative that Callan breached its fiduciary duty under common law. ¶¶ 211-19. Count Three, also in the alternative, alleges that Callan is liable for common law negligence. ¶¶ 220-28.

---

[1] Unless otherwise specified, paragraph citations are to the Complaint, ECF 82.

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 3
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**B.      The Plans.**

The Plans consist of two retirement plans in which Plaintiffs are members: the Carpenters Individual Account Pension Plan of Western Washington (the "DC Plan"); and the Carpenters Retirement Plan of Western Washington (the "Pension Plan").

The DC Plan is a defined contribution plan. ¶ 4.  Mr. Johnson withdrew from the DC Plan in 2021 and the remaining Plaintiffs are current participants. ¶¶ 24-26.  The complaint alleges that the DC Plan held "approximately $564 million in assets as of the end of 2020."  ¶ 4.

The Pension Plan is a cash balance benefit plan that Plaintiffs allege "provides periodic payments to retired participants[.]"  ¶ 5.  All three individual Plaintiffs are alleged to be current members of the Pension Plan.  ¶¶ 24-26.  The complaint alleges that the Pension Plan "was and still is underfunded, with its $1.6 billion in assets as of the end of 2020 sufficient to cover only 82% of future benefits[.]"  ¶ 6.

**C.      The Funds.**

Allianz created the Funds, which comprised of an AllianzGI Structured Alpha 1000 Plus LLC fund ("1000 Plus") and AllianzGI Structured Alpha U.S. Equity 250 LLC ("Equity 250") fund.  ¶ 9.  Allianz promised to garner high returns while utilizing a "specific set of hedging positions … to protect against an overnight or short-term equity-market crash."  Ex. 1, ¶¶ 7-10.[2] The Funds collapsed when the markets experienced "severe ... dislocations" in response to the COVID-19 pandemic in March 2020.  Ex. 1, ¶ 5.  The Funds consequently "lost more than $7 billion in value," with investor victims losing "over $3.2 billion in principal."  *Id.*; *see also* ¶ 14 (alleging 1000 Plus Fund lost 92% of value and Equity 250 lost 54%).  The investor victims include approximately 114 institutional investors.[3]

---

[2] The Court may judicially notice the "Information" and plea agreement unsealed by the DOJ and order of the SEC. (Exs. 1 - 3.)  *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noticing court filings); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1232 (C.D. Cal. 2015) (noticing SEC order); *see also Shelp v. Allergan, Inc.*, No. C18-1427-JCC, 2018 WL 6694287, at *1 (W.D. Wash. Dec. 20, 2018) (noticing matters of public record).

[3] *See* SEC Press Release, *SEC Charges Allianz Global Investors and Three Former Senior Portfolio Managers with Multibillion Dollar Securities Fraud*, May 17, 2022, available at https://www.sec.gov/news/press-release/2022-84 (last accessed August 14, 2025).  The Court may judicially notice SEC and DOJ press releases.  *See, e.g.*, *Taleff v. Sw. Airlines Co.*, 554 F. App'x 598, 599 n.1 (9th Cir. 2014) (noticing DOJ press release); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noticing information made available by government entities).

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 4
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

The Funds' swift collapse caught the DOJ's and SEC's attention. Both launched probes into Allianz and its principals. The investigations revealed that Allianz had engaged in a massive and years-long scheme to defraud investors. It "repeatedly represented to investors ... that risk was 'continuously managed and monitored'… and that the Funds had a specific set of hedging positions in place to protect against an overnight or short-term equity-market crash." Ex. 1, ¶ 10. "Despite these representations," Allianz "deployed an investment strategy that prioritized returns over effective risk management." *Id.* Its portfolio managers "repeatedly failed to purchase the hedging positions that investors were promised" and "fraudulently altered the data that was provided to investors in a way that consistently understated the magnitude of the risk to which the investors were exposed." *Id.* Allianz's "compliance and risk management functions," meanwhile, "failed to maintain adequate oversight" of this team, "despite [its] representations to investors that it had designed and maintained an independent risk management function to monitor and manage risk." Ex. 1, ¶ 3.

The investigations culminated in criminal and civil securities fraud charges that came to light in May 2022, including guilty pleas and the imposition of significant fines. Exs. 2 - 3.[4]

**D.      The Plans' Investments and Recovery of All Losses.**

The complaint alleges that the Trustees invested "nearly a fifth of the Plans' assets" in the Funds. ¶ 9. 1000 Plus "replaced a significant portion of the Plans' bond portfolio in 2013" with additional investments in the 1000 Plus fund added in 2016. ¶ 45. The Plans are alleged to have first invested in Equity 250 in 2016, making a $176 million investment that year. ¶ 47.

The Plans enjoyed periods of high returns to their strong benefit, outperforming the market and its alleged peer groups. ¶¶ 174-76. Plaintiffs nevertheless allege that the Funds were "inappropriate" for the Plans, from the outset, in view of the Plans' conservative investment objectives. ¶¶ 10, 20, 129-30, 140-41. Plaintiffs claim that the Funds experienced deteriorating

---

[4] *See also* DOJ Press Release, *Three Portfolio Managers and Allianz Global Investors U.S. Charged in Connection with Multibillion-Dollar Fraud Scheme*, May 17, 2022, available at https://www.justice.gov/opa/pr/three-portfolio-managers-and-allianz-global-investors-us-charged-connection-multibillion (last accessed August 15, 2025).

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 5
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

diversification over the course of the investment period and were shown to be exposed to losses during periods of "market stress."  ¶¶ 154-78.

When the markets were upended in March 2020 due to the onset of the COVID-19 pandemic, the Plans' investments in the Funds are alleged to have "lost nearly $250 million[.]"  ¶ 48.  In response, the Trustees "invested the remaining assets from 1000 Plus (less than $10 million ...) and Equity 250 ($151 million ...) in a Russell 1000 Index Fund[.]"  *Id.*  The Trustees took action to protect the Plans' interests and sued Allianz in November 2020 to recover their losses.  ¶ 17.  That suit resolved with a $110,390,267 (net attorneys' fees) payout for the Plans and their members.  *Id.*  Plaintiffs describe this settlement as a "good first step" but conclude that the settlement "represent[ed] less than 45% of the Plans' losses" and "has not made [the] Plaintiffs whole (nor even half)."  *Id.*

Plaintiffs claim that had the Plans "stayed the course by investing in a broad-based bond index fund," or in "public equities" or "bonds," the "Plans would have tens of millions of dollars more in assets than they presently do."  ¶¶ 132, 133.  They point to the "Vanguard Total Bond Market Index Fund (or mutual funds or CITs tracking an aggregate bond index from providers such as Northern Trust, Fidelity, or BlackRock)" as well as unspecified mutual funds or CITs that "simply tracked the S&P 500 or Russell 1000 Index" to claim those alleged "millions" more in assets.  *Id.*  None of these scenarios is pleaded in the Complaint to be meaningful benchmarks for either the 1000 Plus Fund or the Equity 250 Fund.

### E.  The Complaint's Theory of Liability Against Callan.

The Complaint alleges that Callan breached its duties, including of care, by recommending that the Plans invest in the Funds and not advising that the investment be withdrawn in view of certain purported and vague "warning signs."  ¶¶ 14, 20, 151-53; *see also* ¶¶ 148-50, 154-78, 217-18, 227-28.  The Complaint avers that the Funds' allegedly deteriorating diversification and exposure to losses during periods of "market stress" should have prompted Callan to recommend that the investments be withdrawn before 2020.  ¶¶ 154-78.  Plaintiffs also point out that an unrelated plan—managed by the Alaska Retirement Management Board (the "Alaska Board") and

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 6
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

one out of the approximately 114 institutional investors invested in the Funds—terminated its investment because of alleged warning signs in April 2019.  ¶¶ 157-61.  Plaintiffs allege that Callan should have advised the Plans to follow that example.  ¶ 161.

**PROCEDURAL BACKGROUND**

Plaintiffs initiated this action on August 2, 2022 and filed the amended complaint on October 28, 2022.  ECF 1, 82.  Callan and the Trustees both moved to dismiss the Complaint for lack of Article III standing under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. 12(b)(6).  ECF 113, 116.  After supplemental briefing on whether dismissal under Rule 12(b)(1) should be with or without prejudice, the Honorable John C. Coughenour granted the motions and dismissed the Complaint without leave to amend.  ECF 134.  The Court found that Plaintiffs had failed to rebut Callan's showing that the Plans had not been injured and that their theory of the Plans' returns being "'greater today'" was "unsupported by any measurable measure metric or benchmarks."  *Id.* at 4-5.  As a result, Plaintiffs lacked Article III standing.  *Id.*  The Court also found that even if Plaintiffs had standing, the Complaint would be dismissed under Rule 12(b)(6) because the complaint presented "'nothing more than underperformance relative to other investment vehicles,'" which is insufficient to state an ERISA claim.  *Id.* (quoting *Beldock*, 2023 WL 3058016, at *3).

Plaintiffs appealed the Order to the United States Court of Appeals for the Ninth Circuit.  As part of their appeal, Plaintiffs argued that the Funds were "a categorically inappropriate investment" and asserted that this excused them from pleading a meaningful benchmark.  *Johnson v. Carpenters of W. Wash. Bd. Of Trs.*, No. 23-35370, Opening Br. at 48, 50-51.[5]  In an unpublished, non-precedential memorandum order, the Ninth Circuit reversed the Order and remanded for further proceedings.  *Johnson v. Carpenters of W. Wash. Bd. of Trs.*, No. 23-35370, 2024 WL 3579492 (9th Cir. July 30, 2024).  The panel found in summary fashion that Plaintiffs had adequately pleaded an imprudence claim.  The Panel did not address the requirement that an

---

[5] The Court may judicially notice filings in this case and before the Ninth Circuit.  *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 7
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

ERISA plaintiff plead a *meaningful* benchmark—one with risks and benefits comparable to the challenged investment. *Id.* at *2.

On May 22, 2025, the Ninth Circuit published its decision in *Anderson v. Intel Corp. Inv. Policy Comm.*, 137 F.4th 1015 (9th Cir. 2025). It established as law in this Circuit the requirement that an ERISA plaintiff present a meaningful benchmark against which to compare the challenged investment and rejected a "per se" theory of imprudence absent allegations concerning the larger investment portfolio. As published authority, *Anderson* is precedential.[6]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to "move for judgment on the pleadings after the pleadings are closed." *Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1161 (W.D. Wash. 2016). Judgment is thus "properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* (internal citations and quotations omitted). "The same legal standard applies to a motion for judgment on the pleadings as to a motion to dismiss for failure to state a claim." *Dacumos v. Toyota Motor Credit Corp.*, 287 F. Supp. 3d 1152, 1154 (W.D. Wash. 2017) (citation omitted). The complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* at 663; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## ARGUMENT

**I.    Plaintiffs Do Not Adequately Plead a Breach of Fiduciary Duty Claim Under ERISA.**

An imprudence claim turns on the "fiduciary's conduct in arriving at an investment

---

[6] *Anderson* constitutes intervening controlling authority that permits the court to depart from the panel's mandate in this case. *See, e.g.*, *In re Fraschilla*, 235 B.R. 449, 454 (9th Cir. 1999); *Hurst v. Prudential Sec. Inc.*, 923 F. Supp. 150, 154-56 (N.D. Cal. 1995) (finding published Ninth Circuit decision to constitute intervening controlling authority over unpublished non-precedential Ninth Circuit decision).

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 8
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

decision," and "not on its results." *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc. ("St. Vincent")*, 712 F.3d 705, 716 (2d Cir. 2013); *see, e.g.*, *Henry v. Champlain Enters., Inc.*, 445 F.3d 610, 618 (2d Cir. 2006) (relevant inquiry is the fiduciary's methods in investigating the investments). ERISA's duty of care "'requires prudence, not prescience.'" *Anderson*, 137 F.4th at 1021 (quoting *DeBruyne v. Equitable Life Assurance Soc'y of U.S.*, 920 F.2d 457, 465 (7th Cir. 1990)); *see also Tibble v. Edison Int'l*, 729 F.3d 1110, 1136 (9th Cir. 2013), *vacated on other grounds*, 575 U.S. 523 (2015). The court must therefore assess "a fiduciary's actions based upon information available to the fiduciary at the time of each investment decision and not from the vantage point of hindsight." *Anderson*, 137 F.4th at 1021 (citing *St. Vincent*, 712 F.3d at 716) (quotation marks omitted).

Absent allegations that the fiduciary's process in arriving at an investment decision was flawed, a plaintiff must present enough "circumstantial factual allegations" to reasonably allow an inference of imprudence. *St. Vincent*, 712 F.3d at 718. The investments' "poor performance, standing alone, is not sufficient to create a reasonable inference" of imprudence. *White v. Chevron Corp.*, No. 16-cv-0793-PJH, 2017 WL 2352137, at *20 (N.D. Cal. May 31, 2017), *aff'd*, 752 F. App'x 453 (9th Cir. 2018). Where the complaint relies on circumstantial factual allegations, the Court must be "especially cautious" to "'not rely on the vantage point of hindsight.'" *Anderson v. Intel Corp.*, No. 19-cv-04618-LHK, 2021 WL 229235, at *6 (N.D. Cal. Jan. 21, 2021), *aff'd sub nom. Anderson*, 137 F.4th 1015 (9th Cir. 2025) (quoting *St. Vincent*, 712 F.3d at 718).

The Complaint does not present any facts with respect to the methods Callan employed in providing advice with respect to the Funds. Plaintiffs therefore must present enough circumstantial facts to support a reasonable inference of a flawed process, including the existence of a meaningful benchmark. *See, e.g.*, *St. Vincent*, 712 F.3d at 718. They do not.

A.    **The Complaint Fails to Present Meaningful Benchmarks Against Which to Compare the Plans' Performance.**

Plaintiffs have not presented any prudent alternative investments to the Funds as circumstantial evidence that the investment advice provided by Callan was imprudent. "A court cannot reasonably draw an inference of imprudence simply from the allegation that a cost disparity

exists." *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1149 (10th Cir. 2023). Thus "to the extent a plaintiff asks a court to infer that a fiduciary used improper methods based on the performance of the investments … he must compare that performance to funds or investments that are meaningfully similar." *Anderson*, 137 F.4th at 1023. In other words, a "sound basis for comparison" or "a meaningful benchmark." *Id.* at 1022 (quotation marks omitted); *accord Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018) (quotation marks omitted); *see also Davis v. Salesforce.com, Inc.*, No. 20-cv-01753-MMC, 2020 WL 5893405, at *4 (N.D. Cal. Oct. 5, 2020) (imprudence claim failed absent a "meaningful benchmark"). The need for a meaningful benchmark is now the law in this Circuit under *Anderson*, which found the "need for a relevant comparator with similar objectives—not just a better-performing plan or investment" to be "implicit in ERISA's text." *Anderson*, 137 F.4th at 1022. Thus in this Circuit, the failure to plead such a benchmark is fatal to a duty of prudence claim based on alleged underperformance.

A "meaningful benchmark" must have "similar aims, risks, and potential rewards" to the challenged fund. *Anderson v. Intel Corp. Inv. Policy Comm.*, 579 F. Supp. 3d 1133, 1148 (N.D. Cal. 2022), *aff'd*, 137 F.4th 1015 (9th Cir. 2025). An ERISA plaintiff cannot rely on "apples-to-oranges" comparisons of "distinct investment vehicles." *White v. Chevron Corp.*, No. 16-cv-0793-PJH, 2016 WL 4502808, at *12 (N.D. Cal. Aug. 29, 2016); *see also Wehner v. Genentech, Inc.*, No. 20-cv-06894-WHO, 2021 WL 2417098, at *8-9 (N.D. Cal. June 14, 2021) (an ERISA plaintiff "cannot dodge the requirement for a meaningful benchmark by merely finding a less expensive alternative fund or two with some similarity") (internal quotation marks and citation omitted); *Mattson v. Milliman, Inc.*, No. C22-37 TSZ, 2022 WL 2357052, at *1-2 (W.D. Wash. June 30, 2022) (dismissing complaint that failed to plead "necessary details about the[] alleged benchmarks" such that an "apples-to-apples" comparison could be made); *Beldock*, 2023 WL 3058016, at *3 (mere "additional measurements of investment performance" insufficient).

Nor is "simply labeling funds as comparable'" sufficient "to establish that those funds are meaningful benchmarks." *Anderson,* 579 F. Supp. 3d at 1155. "[R]ather, the complaint must state facts to show the funds or services being compared are, indeed, comparable." *Matney*, 80 F.4th at

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 10
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1149; *see also Davis*, 2020 WL 5893405, at *4 (rejecting comparator alleged to have "the same investment style" and "materially similar characteristics" without alleging facts to support same). The question is whether the fiduciary has "tak[en] into consideration the risk of loss and the opportunity for gain ... compared to the opportunity for gain ... associated with reasonably available alternatives with similar risks." *Anderson*, 137 F.4th at 1022 (citing Department of Labor implementing regulations) (emphasis omitted).

Plaintiffs have not presented any meaningful benchmarks against which to compare the Funds' performance. In fact, they have disclaimed the need for one entirely. *See Johnson v. Carpenters of W. Wash.*, No. 23-35370, Opening Br. at 48, 50-51 (asserting that "only where plaintiffs 'proceeds by way of comparison' do they have 'the burden to provide meaningful benchmarks'") (citing *Matney*, 80 F.4th at 1157). They instead point to broad-based index funds and bond portfolios that they allege to be more aligned with the Plans' conservative investment goals and fault Callan for not recommending that the Plans "stay[] the course" in those instead. ¶¶ 132-133. But those "comparators" bear no relation to the Funds. They do not have "similar aims, risks, and potential rewards" to the challenged investment. *Anderson*, 579 F. Supp. 3d at 1148. The Funds were designed to garner higher returns while protecting against market volatility. Ex. 1, ¶¶ 7-10. In other words, the Funds presented an entirely different set of expected risks *and* benefits than those of an index fund. Indeed, the Plans enjoyed periods of high returns totally inconsistent with those of an index fund. ¶¶ 174-75, 177. The Complaint does not plausibly allege a prudent fiduciary, with the information available at the time, would have cast aside those benefits in favor of index funds or bond portfolios that did not and could not offer the same.

That Plaintiffs plead that the Funds were too risky from the outset does not excuse them from providing a meaningful benchmark. Plaintiffs in *Andreson*, too, argued that "they need not compare the [funds at issue] to meaningful benchmarks with similar characteristics because the instant case also alleges that the [funds'] investment strategy itself is imprudent." *Anderson*, 579 F. Supp. 3d at 1154. They instead offered comparisons to dissimilar investments. *Id.* Both the district court and Ninth Circuit rejected this effort, finding a meaningful benchmark indispensable

even if the "overall strategy" behind the investments is challenged. *See id.*; *Anderson*, 137 F.4th at 1023-24.

Absent a meaningful benchmark, the Court does not have sufficient facts to "infer" imprudence from the circumstantial evidence; there are no meaningful comparators to judge the challenged investment decisions against. For this reason, judgment should be entered dismissing Plaintiffs' duty of prudence claim.

**B.    The Complaint's Hindsight-Based Per Se Theory of Imprudence Fails.**

The Complaint's fundamental theory is that the Funds were too risky for the Plans and thus imprudent from the start. This theory of imprudence fails. ERISA law is clear that the "'risk level of an investment does not alone make the investment *per se* prudent or *per se* imprudent.'" *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 366-67 (4th Cir. 2014) (citing Investment of Plan Assets under the "Prudence" Rule, 44 Fed. Reg. 37,221, 37,225 (June 26, 1979)). "[G]eneralized attacks on hedge funds and private equity funds as a category have been rejected both by courts, and by the Department of Labor." *Anderson*, 137 F.4th at 1024-25; *accord Wehner*, 2021 WL 2417098, at *8 ("small body of evidence" on risks associated with hedge funds and private equity funds "insufficient on its own to support a claim for breach of the duty of prudence") (citation and quotation marks omitted). The inquiry is whether the investment—even if it carries a "relatively high degree of risk"—is "reasonably designed—as part of a portfolio—to further the purposes of the plan." *Tatum*, 761 F.3d at 367 (citing Investment of Plan Assets under the "Prudence" Rule, 44 Fed. Reg. 37,224 (June 26, 1979) (quotation marks omitted)).

Plaintiffs disclaim that they rely on a "per se" theory of imprudence. ¶ 116. They agree that hedge funds are not "per se" imprudent and that the proper inquiry is the investment's "surrounding facts and circumstances" and not its inherent riskiness. ¶¶ 74, 116. The Complaint, however, fails to provide such "surrounding facts and circumstances." The Plaintiffs do not plead any facts establishing that the Funds were too risky *in the context* of the Plans' larger portfolio. They plead that "nearly a fifth of the Plans' assets" were invested in the Funds but do not explain

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 12
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

why the Plans, based on its asset allocation or information available at the time, could not withstand that risk.  ¶ 9.

*Anderson* again provides instruction.  The plaintiffs there, as here, "rest[ed] on the proposition that the fiduciaries' allocation strategy was imprudent because hedge funds and private equity funds are inherently so risky that no prudent investor with the same aims would have invested in them, or at least not in the proportions the fiduciaries selected."  *Anderson,* 137 F.4th at 1024.  The plaintiffs argued that the defendants "should have been aware of 'contemporaneous reports of poor hedge-fund returns, the exorbitant expenses of hedge funds and private equity, and [their] well-recognized risks.'"  *Id.* (alteration in original).  Viewing this as a "*per se* challenge to hedge funds and private equity investments," the Ninth Circuit found the plaintiffs to "overlook[] that the prudence of each investment is not assessed in isolation but, rather, as the investment relates to the portfolio as a whole."  *Id.* (quotation marks and citation omitted) (emphasis in original).  The Ninth Circuit recognized that the plaintiffs had pleaded that a large portion of the investments had been made in the challenged investments, but had not "plausibly alleged that [the] specific investments were imprudent at the scale [made]."  *Id.* at 1025.  So too here.

Plaintiffs' claims, moreover, are necessarily informed by hindsight. Plaintiffs acknowledge that the Funds performed well and enjoyed periods of high returns consistent with the information provided at the time.  ¶¶ 174-76.  Plaintiffs do not and cannot plead that the Funds' collapse or the fraud that caused it was foreseeable based on the information available when the investment decisions were made.  Indeed, had the Funds been implemented as advertised and continued generating high returns while protecting against market volatility, this lawsuit would not have been initiated.  Such hindsight-based claims must fail under ERISA.

Plaintiffs' reference to the Alaska Board's withdrawal from the Funds in April 2019 also provides no indicia of imprudence.  ¶¶ 157-61.  The Alaska Board terminated its investment as a part of a portfolio rebalancing because the Funds' correlation to equity drawdowns was a

"significant risk already contained in the broader portfolio." Ex. 4.[7] The Complaint does not plead what the Plans' own "broader portfolio" contained at the time, and what "significant risk" was already in its portfolio. As a result, such references to the Alaska Board have no persuasive value and reveal the necessary context missing from the Complaint.

## II.    Plaintiffs' Common Law Claims are Preempted.

ERISA supersedes state law causes of action that relate to an ERISA plan or conflict with a cause of action provided by ERISA. *See Nielsen v. Unum Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152, 1162 (W.D. Wash. 2014). ERISA's preemption of state law causes of action comes in two forms: (i) express preemption under ERISA Section 514; and (ii) preemption of causes of action that conflict with ERISA's exclusive remedies related to ERISA plans. *See id.* Both apply here to preempt Plaintiffs' state law claims pleaded in the alternative against Callan.[8]

### A.    ERISA Expressly Preempts Plaintiffs' State Law Claims.

ERISA expressly "supersede[s] any and all State laws insofar as they may now or hereafter relate to any" ERISA plan. 29 U.S.C. § 1144(a). "A common law claim 'relates to' an ERISA plan 'if it has a connection with or reference to such a plan.'" *Oregon Teamster Emps. Tr. v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1155-56 (9th Cir. 2015) (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004)). "[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (citations omitted). Common law fiduciary duty and negligence claims are often preempted where, as here, the claim refers to or relies on an ERISA plan. *See, e.g.*, *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1191 (9th Cir. 2010) (negligence claim preempted when "complaint necessarily

---

[7] The court may consider the minutes of the Alaska Board because they are expressly referenced in and incorporated into the complaint. (¶ 157 n. 83-84.) *See, e.g.*, *Penwell v. Providence Health & Servs.*, No. 2:19-cv-01786-RAJ, 2020 WL 3035566, at *2 (W.D. Wash. June 5, 2020).

[8] The Ninth Circuit erroneously found that Callan had forfeited its arguments that it is not an ERISA fiduciary with respect to the Plans' independent investment decisions and decided that Callan is a fiduciary under 29 U.S.C. § 1002(21)(A)(ii). *Johnson*, 2024 WL 3579492, at *2, n.3; *see also Johnson v. Carpenters of W. Wash. Bd. of Trs.*, No. 23-35370, Dkt. No. 31 at 52 (Callan arguing in appellate briefing that Plaintiffs' breach of fiduciary duty claim fails "because Callan was not a fiduciary with respect to the Plans' investment decisions").

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 14
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

reference[d] an ERISA plan" and the negligence claim "depend[ed] on the existence of an ERISA-covered plan to demonstrate … damages"); *Nielsen*, 58 F. Supp. 3d at 1165 (common law fiduciary duty claim preempted).

Plaintiffs' common law fiduciary duty and negligence claims are expressly preempted because they are premised on ERISA plans. Both claims seek to hold Callan liable for recommending investments allegedly not appropriate for the Plans. ¶¶ 211, 221-22. The challenged conduct is premised entirely on the existence of the ERISA Plans. *See, e.g.*, *Oregon Teamster Emps. Tr.*, 800 F.3d at 1155-56. Without the Plans, there could be no investment.[9]

**B.    Plaintiffs' State Law Claims Conflict with ERISA and Are Preempted.**

"[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (citations omitted). To determine whether a Section 502 claim preempts state law claims, the U.S. Supreme Court established a two-part test: (1) whether the entitlement to coverage exists only because of the terms of an ERISA plan (that is, the claim could be brought under Section 502(a)); and (2) there is no legal duty independent of ERISA. *Id.* at 210 (citation omitted); *Flam v. Flam*, No. 1:12-cv-1052 AWI DLB, 2016 WL 829163, at *8-10 (E.D. Cal. Mar. 3, 2016) (applying *Davila* to find claims that could have been raised under Sections 502(a)(2) or 502(a)(3) to be preempted); *see also Nielsen*, 58 F. Supp. 3d at 1162 (applying *Davila* to find breach of contract claim to be conflict preempted).

The Plaintiffs' common law fiduciary duty and negligence claims are conflict preempted under this test. The first prong of the *Davila* test is satisfied. Plaintiffs allege they are entitled to benefits under the terms of the Plans and bring this action to determine the benefits they are due or will be due. ¶¶ 24-26. Their entitlements to these benefits only exist because of the terms of

---

[9] The District Court did not previously address Callan's ERISA preemption arguments with respect to the state law claims. *See Johnson v. Carpenters of W. Wash. Bd. of Trustees*, C22-1079-JCC, 2023 WL 3338214, at *1 (W.D. Wash. May 10, 2023), *rev'd and remanded*, No. 23-35370, 2024 WL 3579492 (9th Cir. July 30, 2024).

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 15
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

the ERISA Plans.  *See Davila*, 542 U.S. at 210 (prong I).  Plaintiffs also challenge how their Plan contributions were invested by alleged ERISA fiduciaries; a claim that likewise would not exist absent an ERISA benefit plan.  *Davila'*s second prong is satisfied because Plaintiffs do not identify a legal duty Callan has independent from its role as investment advisor to the Plans.  Any duty Callan owed Plaintiffs arises solely from Callan's role as an investment advisor to the Plans. Plaintiffs' common law claims are double preempted and should be dismissed.

## CONCLUSION

For the foregoing reasons, Callan respectfully requests that the Court enter judgment in Callan's favor under Rule 12(c).

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 16
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Respectfully submitted this 15th day of August 2025.

DLA PIPER LLP (US)

*s/ Anthony Todaro*

Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:    206.839.4800
Fax:    206.839.4801
E-mail: anthony.todaro@us.dlapiper.com

Amanda L. Morgan (admitted *pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, California 90405-2933
Tel:    415.836.2500
Fax:    415.836.2501
Email: amanda.morgan@dlapiper.com

Brian H. Benjet (admitted *pro hac vice*)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103
Tel:    215.656.3311
E-mail: brian.benjet@dlapiper.com

*Attorneys for Defendant Callan LLC*

*\*I certify that this memorandum contains 5,829 words, in compliance with the Local Civil Rules.*

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 17
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.

Dated this 15th day of August, 2025.

*s/ Jenelle Barrett*
Jenelle Barrett, Legal Executive Assistant

CALLAN LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS - 18
No. 2:22-cv-01079-JHC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800