UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JOHNSON et al., | CASE NO. 2:22-cv-01079-JHC |
| Plaintiffs, | ORDER RE: DEFENDANT CALLAN LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| CARPENTERS OF WESTERN WASHINGTON BOARD OF TRUSTEES et al., | |
| Defendants. | |

**I**

**INTRODUCTION**

This matter comes before the Court on Defendant Callan LLC's Motion for Judgment on the Pleadings, later joined by Defendant Carpenters of Western Washington Board of Trustees (Trustees). Dkt. ## 158 & 160. The Court has reviewed the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. For the reasons below, the Court GRANTS in part and DENIES in part the motion. The Court DENIES Plaintiffs' request for leave to amend.

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 1

## II

### BACKGROUND

Plaintiffs Terrance Johnson, Brent Yahraus, and Jacy Purkiss (Plaintiffs) brought suit individually and as representatives of a class of similarly situated persons under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1000, et seq. (ERISA).[1]  Dkt. # 82 at 2 ⁋ 2.  They plead claims in the alternative under common law fiduciary and negligence theories.  *See id.* at 58-61 ⁋⁋ 211-228.  At issue are two retirement plans for union carpenters in Washington, Idaho, Montana, and Wyoming: the DC Plan and the Pension Plan (collectively, the Plans).  Dkt. # 82 at 2 ⁋ 3.  Both plans were managed by Defendant Callan LLC's (Callan) and Defendant Carpenters of Western Washington Board of Trustees (Trustees).  *Id.* at 3 ⁋ 7.

Between 2014 and 2016, Defendants invested nearly a fifth of the Plans' assets into two volatility hedge funds: AllianzGI Structured Alpha 1000 Plus LLC and AllianzGI Structured Alpha U.S. Equity 250 LLC (collectively, the Funds).  *Id.* at 4 ⁋ 9, 37 ⁋⁋ 132-133.  Plaintiffs allege the high-risk Funds "were wildly inappropriate in light of the Plans' investment timeframe, plan structure, and risk tolerance."  *Id.* at 4 ⁋ 10.  Plaintiffs say that the Funds were "a poor choice for the Plans from the start," and that Defendants did not appropriately monitor the Funds "either failing to notice [] warning signs or simply ignoring them."  *Id.* at 5 ⁋⁋ 13-14.  In early 2020, the Funds suffered, leaving the Plans with $250 million in losses and resulting in reduced payouts to participants.[2]  *Id.* at 5-6 ⁋⁋ 14-16.

---

[1] The factual background derives from the allegations in the complaint, see Dkt. # 82, which the Court accepts as true on a Rule 12(c) motion.  *See Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019).

[2] Allianz Global Investors, the investment manager of the Fund and a non-party, was ultimately investigated and charged by the Department of Justice (DOJ) and Securities and Exchange Commission (SEC) for fraud.  *See Johnson v. Carpenters of W. Washington Bd. of Trs.*, 2023 WL 3338214, at *3 n.2 (W.D. Wash. May 10, 2023), rev'd and remanded, No. 23-35370, 2024 WL 3579492 (9th Cir. July 30, 2024).  And Defendant Trustees recouped about $110 million in damages through a civil suit.  Dkt. # 82 at 6 ⁋ 17.  Defendants request that the Court take judicial notice of documents related to the DOJ and SEC action, but the Court need not take judicial notice of these materials as they are not relevant to this

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 2

Plaintiffs brought suit in August 2022 and filed their first amended complaint (FAC) on October 28, 2022. *See* Dkt. ## 1, 82. Defendants moved to dismiss the FAC for lack of standing and failure to state a claim, which was ultimately granted without leave to amend. Dkt. ##113, 116, 134. Plaintiffs appealed and the Ninth Circuit reversed and remanded in *Johnson v. Carpenters of W. Wash. Bd. of Trs.*, No. 23-35370, 2024 WL 3579492 (9th Cir. July 30, 2024).

Following remand, the matter was reassigned to the undersigned judge. Dkt. # 141. Defendants answered the FAC on February 14, 2025, and on August 15, 2025, Defendant Callan filed the instant motion. Dkt. ## 149, 150, 158. Shortly after, Defendant Trustees filed a notice of joinder in support of the motion. Dkt. # 160. While this motion was pending, the Court granted Parties stipulated motion certifying and defining the class. Dkt. # 168.

### III
#### DISCUSSION

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

motion. Dkt. # 158 at 9, nn.2-3; *See Potter v. Meza*, No. CV-25-00663-PHX-DWL, 2026 WL 35276, at *5 (D. Ariz. Jan. 6, 2026).

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 3

When considering a Rule 12(c) motion, courts may consider the pleadings, documents attached to the pleadings, documents incorporated therein, or matters of judicial notice. *Cf. United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Courts must accept the non-moving party's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Hines*, 914 F.3d at 1227; *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Defendants say judgment on the pleadings is appropriate as to the ERISA claim under recent, intervening Ninth Circuit authority. Dkt. # 158 at 7, 14-18 (citing *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 137 F.4th 1015 (9th Cir. 2025), *cert. granted*, 2026 WL 120679 (Jan. 16, 2026) (No. 25-498)); *see, e.g.*, *Hurst v. Prudential Sec. Inc.*, 923 F. Supp. 150, 153 (N.D. Cal. 1995) (finding an exception to the law-of-the-case doctrine when a published Ninth Circuit decision constituted "intervening change in the law") (citing *Thomas v. Bible*, 983 F.2d 152, 154-55 (9th Cir.1993)). They also argue that the remaining state common-law claims are preempted by ERISA. Dkt. # 158 at 19-21. For the reasons below, the first argument fails and the second ignores the law-of-the-case doctrine.

A.    ERISA Claim

"ERISA requires plan trustees to act with the 'care, skill, prudence, and diligence under the circumstances then prevailing that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'" *Anderson*, 137 F.4th at 1021 (quoting 29 U.S.C. § 1104(a)(1)(B)). This is a prospective (rather than retrospective) inquiry that asks "'whether the individual trustees, at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 4

merits of the investment and to structure the investment.'" *Id.* (quoting *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1097 (9th Cir. 2004)).

"There are a 'myriad of circumstances that could violate the [prudence] standard.'" *Id.* (quoting *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1102 (9th Cir. 2008) (alternation in original)). For example, "a plaintiff can plead a breach of the duty of prudence by alleging facts that would directly show that the fiduciaries employed unsound methods in making their investment decisions" or "a plaintiff can make circumstantial factual allegations from which the court may reasonably infer from what is alleged that the process was flawed." *Id.* at 1021-22 (quoting *PBGC ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 716 (2d Cir. 2013) (cleaned up)).

The Ninth Circuit has already held, considering this same FAC, that "Plaintiffs have [] stated a claim under ERISA." *Johnson*, 2024 WL 3579492, at *2 ("Plaintiffs have sufficiently alleged that Defendants violated their duties of prudence by choosing to make the challenged investments" and "Plaintiffs have also sufficiently alleged that Defendants violated their duties of prudence by failing to adequately monitor the challenged investments' performance"). Yet Defendants say *Anderson*—which holds that in certain cases plaintiffs must plead a "meaningful benchmark" to compare performance of the challenged investment—is intervening controlling authority requiring this Court to depart from the Ninth Circuit's prior ruling in this case. Dkt. # 158 at 13; *see Anderson*, 137 F.4th at 1022-23. They also argue that under *Anderson*, Plaintiffs' challenge constitutes a per se challenge to volatility hedge funds. Dkt. # 158 at 17-19. But for

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 5

the reasons below, both arguments fail.  This case has already been considered and decided by the Ninth Circuit, and that opinion's mandate does not change after *Anderson*.[3]

      1.      Meaningful benchmark

The *Anderson* court established the "meaningful benchmark" requirement that applies when a plaintiff attempts to plead circumstantial factual allegations "relying on a theory that a prudent fiduciary in like circumstances would have selected a different fund based on the cost or performance of the selected fund."  *Anderson*, 137 F.4th at 1022 (cleaned up); *but see id.* at 1023 ("a plaintiff does not necessarily need to identify comparable funds or investments; [they] might, for example, make direct allegations of a breach of ERISA's duty of prudence").  Plaintiffs do not rely on such a theory, nor do they make only circumstantial factual allegations.  Rather, as the Ninth Circuit has already held, Plaintiffs allege facts that show that despite a myriad of factors indicating the investment strategy needed to be conservative, "Defendants decided to invest a large portion—about one fifth—of the retirement plans' funds into [] risky investments."  *Johnson*, 2024 WL 3579492, at *2.  That court reiterated that the Ninth Circuit has already "held that a fiduciary violated its duty of prudence under similar circumstances, in which an investment advisor recommended investing a large portion of a retirement plan into investments that were excessively risky given the plan's conservative aims."  *Id.* (citing *Cal. Ironworkers Field Pension Tr. v. Loomis Sayles & Co.*, 259 F.3d 1036, 1045 (9th Cir. 2001)).

That precedent, established in *California Ironworkers*, controls even after *Anderson.*  Indeed, the *Anderson* court discussed and distinguished *California Ironworkers*.  *See Anderson*, 137 F.4th at 1024-25.  The sole concurring opinion, which repeatedly cites *California*

---

[3] The Court takes judicial notice of the filings before the Ninth Circuit.  Dkt. # 158 at 12 n.5; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefing "[t]o determine what issues were actually litigated").

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 6

*Ironworkers* as an example of one of the "myriad of circumstances" that could violate the prudent person standard, is informative:

> In *California Ironworkers*, we compared plans managed by the same fiduciary and evaluated their varying allocations to risky assets. But there is no reason this logic could not extend to plans managed by different fiduciaries as well. For example, if a plaintiff showed that a fiduciary allocated a third of a plan to one kind of risky asset and asserted that several other plans with comparable aims but different managers each allocated much smaller percentages to that same asset, those allegations might similarly support an inference of imprudence. And the inference might be stronger still if the plaintiff analyzed the entire market and alleged that no comparable plan adopted a similar allocation—a plan-versus-aggregate comparison rather than a plan-versus-plan comparison.

*Anderson*, 137 F.4th at 1030-31. The majority and concurrence both clarify that "[c]omparison is not a pleading requirement for a breach of fiduciary claim" and differentiates "comparisons that can, but need not, be pleaded to show that the standard has been violated." *Anderson*, 137 F.4th at 1027 (Berzon, J., concurring); *see id.* at 1023 ("We do not hold that a plaintiff must *always* identify a comparator when relying on circumstantial allegations of a breach of the duty of prudence.") (emphasis in original).

Here, Plaintiffs have directly alleged that the Plans' risk tolerance as established by the Board was "moderately conservative when compared to other plans of its type," and that Defendants knew that the high-risk nature of the Funds could result in a total loss and proceeded anyway. *See* Dkt. # 82 at 13-14, 34-37; *compare Anderson*, 137 F.4th at (Berzon, J., concurring) (describing as example, "imagine a plaintiff who had no idea how a fiduciary selected investments but knew that the fiduciary had allocated a significant portion of the plan's assets to a new type of security backed entirely by lottery tickets. The inherent risk of that category of investment might be sufficient, even without any details about how the fiduciary selected it or any comparison to other investments or other plans, to support a claim of imprudence—and that would be so even if, against all odds, the plan purchased a winning ticket.") *with* Dkt. # 82 at 46

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 7

("Had Defendants conducted routine holdings analysis, they would have discovered well before March 2020 that the Structured Alpha Funds were no longer appropriate investment for the Plans, because they were not providing any diversification benefit or protection against market downturns. Rather, the Funds were effectively gambling by selling an immense amount of high-premium option insurance both in S&P 500 put options and naked VIX call options.").

Along with alleging facts to show the Funds were too risky for the Plans, the FAC also compares the investment strategies for the Plans before the Funds were added and after they were removed; points to the Alaska Retirement Review Board, who chose to withdraw from the Funds due to "significant risk" and whose plans were also managed by Defendant Callahan; and alleges that "[t]he DC Plan was one of only two defined contribution plans in the country to invest in either of the Funds" and "[t]he Pension Plan was the only cash balance plan in the country to invest in either of these funds." Dkt. # 82 at 5, 44, 47-50.

The Court need not consider if these comparisons are a "meaningful benchmark" because Plaintiffs do not "just alleg[e] that costs are too high, or returns are too low," but that the Funds, at the rate allocated, were too risky for the conservative Plan. *See Cal. Ironworkers*, 259 F.3d at 1045 (affirming finding that defendants violated the prudence rule given evidence that the relevant investments "could be highly risky investments," the relevant trust "had very conservative investment guidelines," and nearly one third of the trust's total assets were invested in the high-risk investments"). Simply put, this is not an underperformance case. And as the Ninth Circuit has already determined, Plaintiffs have alleged claims under ERISA.

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 8

2.    Per se

Defendants' argument that Plaintiffs bring an impermissible "per se" theory of imprudence similarly fails. Dkt. # 158 at 17-19. Plaintiffs disclaim this in their complaint. Dkt. # 82 at 32 (conceding "[v]olatility hedge funds are not *per se* imprudent" and describing plans in which the Funds might be appropriate).

Unquestionably, *Anderson* requires more than just a disclaimer, but Plaintiffs also pleaded facts that could plausibly lead to a finding that by adding the Funds to make up one fifth of the Plans, Defendants violated ERISA's "require[ment] that a fiduciary 'diversify[ ] the investments of the plan so as to minimize the risk of large losses.'" *Anderson*, 137 F.4th at 1024 (quoting 29 U.S.C. § 1104(a)(1)(C)). Unlike the plaintiff in *Anderson*, Plaintiffs here do allege the investments "were imprudent at the scale [Defendant] made them" and alleged "that those investments were particularly risky." *Id.* at 1025 (finding plaintiff had not plausibly alleged specific investments "were imprudent at the scale [defendant] made them" or were particularly risky, and thus they made an impermissible per se challenge); *see* Dkt. # 82 at 36-40 (explaining the high-risk nature of the investments and alleging "[t]he Plans could not tolerate anywhere near this level of risk.").

Because Plaintiffs allege the Funds were a high-risk investment that could result in total loss and that investing one-fifth of the Plans holdings into the Funds was an inappropriate choice for the conservative Plan, Plaintiffs have not alleged a per se challenge.

*  *  *

As the Ninth Circuit has already held, "Plaintiffs have [] stated a claim under ERISA." *Johnson*, 2024 WL 3579492, at *2. Nothing in *Anderson* compels this Court to depart from that holding.

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 9

B.        Common Law Claims

Plaintiffs bring, in the alternative, common law fiduciary and negligence claims.[4]  *See* Dkt. # 82 at 58-60.  Defendant Callan says these claims are preempted by ERISA because they both "relate to" and "connect with" an ERISA plan.  *See* Dkt. # 158 at 19-21.  But as Plaintiffs concede, if Defendant Callan acted as an ERISA fiduciary, Plaintiffs' common-law claims would be preempted.  Dkt. # 163 at 23-27.

The Court need not determine of the state-law claims relate to or connect with the ERISA plan because the Ninth Circuit has already determined Defendant Callan's ERISA fiduciary status; "Callan is a fiduciary under 29 U.S.C. § 1002(21)(A)(ii)."  *Johnson*, 2024 WL 3579492, at *2 n.3.  Defendant Callan disputes this finding as "erroneously found" but points to no law that would permit this Court to deviate from a higher court's finding on the facts presented.[5]  Dkt. # 158 at 19 n.8.  In fact, "'[a]n issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand.  In essence, the party's waiver becomes law of the case.'"  *United States v. Scan Health Plan*, No. CV 09-5013-JFW (JEMx), 2017 WL 4564722, at *7 (C.D. Cal. Oct. 5, 2017) (quoting *Magnetsystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949-50 (C.D. Cal. 1996)); *see Gonzalez*, 677 F.3d at 390 n.4 ("Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case").

Defendant "Callan is a fiduciary under 29 U.S.C. § 1002(21)(A)(ii)."  *Johnson*, 2024 WL 3579492, at *2 n.3.  And Plaintiffs concede that if Defendant Callan is a fiduciary under ERISA,

---

[4] These claims are brought only against Defendant Callan.  *See* Dkt. # 82 at 58-59.

[5] Defendants' single parenthetical in a footnote is not enough to show that the Ninth Circuit's "decision is clearly erroneous and its enforcement would work a manifest injustice," which might allow this Court to reconsider the determination.  *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012).

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 10

their state common-law claims are preempted.  Thus, the Court dismisses Plaintiffs' two state-law claims.[6]

IV

**CONCLUSION**

For these reasons, the Court DENIES the motion as to the first cause of action and GRANTS the motion as to the second and third causes of action brought under state common law.  The Court DENIES Plaintiffs' request for leave to amend.

Dated this 23rd day of March, 2026.

John H. Chun
John H. Chun
United States District Judge

---

[6] As Plaintiffs' ERISA claim is sufficiently alleged, and Plaintiffs concede that their common-law claims would be preempted if Defendant Callan were found to be a fiduciary under ERISA—and that has been found—Plaintiffs' request for leave to amend is denied as moot.  *Cf. Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal").

ORDER RE: DEFENDANT CALLAN LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS - 11