THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Terrance Johnson, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Carpenters of Western Washington Board of Trustees, et al.,<br><br>Defendants. | Case Number: 2:22-cv-01079-JHC<br><br>**DECLARATION OF MARK E. THOMSON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Mark E. Thomson, declare and state as follows:

1. I am a partner at the law firm of Engstrom Lee LLC, and counsel for Plaintiffs Terrance Johnson, Brent Yahraus, and Jacy Purkiss in the above-captioned action. I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Class Action Settlement Agreement ("Settlement"). The Settlement resolves Plaintiffs' class action claims against the Defendants regarding their management of the Carpenters of Western Washington Individual Account Pension Plan and the Carpenters Retirement Plan of Western Washington ("Plans").

3. The Settlement Agreement calls for certification of the following Settlement Classes:

The IAP Class: All participants and beneficiaries of the IAP at any time from August 2, 2016 to May 7, 2020, excluding the Defendants.

The Retirement Plan Class: All participants and beneficiaries of the Retirement Plan at any time from August 2, 2016 to May 7, 2020, excluding the Defendants. Settlement §§ 1.32, 1.51.

4. There are over 20,000 Retirement Plan Class Members and over 21,000 IAP Class Members. The Class Representatives are not aware of any conflicts of interest between themselves and other Plan participants, and they have vowed to faithfully represent the interests of other Class Members. Class counsel is likewise unaware of any conflicts of interest with the Settlement Classes.

5. Under the terms of the proposed Settlement, a Gross Settlement Amount of $9,250,000 will be paid to resolve the claims that were asserted in this Action. *Id.* § 1.30.

6. Plaintiffs' Counsel will seek reimbursement of costs and expenses they have advanced on behalf of the Classes.

7. After accounting for any Attorneys' Fees and Costs, Class Representative Service Awards, and Administrative Expenses approved by the Court, the Net Settlement Amount will be distributed to eligible Settlement Class Members in accordance with the Plan of Allocation in the Settlement. *Id.* §§ 1.34, 5.1.

8. Under the Plan of Allocation, the Net Settlement Amount is first divided between the two Settlement Classes in proportion to each Plan's aggregate balance in the two Allianz Structured Alpha funds as of December 31, 2019. *Id.* § 5.1. Each IAP Class Member's share is proportional to that member's IAP account balance as of that date. *Id.* § 5.2. Each Retirement Plan Class Member's share is proportional to that member's Sustainable Income Benefit ("SIB") Units as of the same date. *Id.* § 5.3.

9. IAP Class Members who are Current Participants will have their share credited to their IAP accounts. *Id.* § 5.6.1. IAP Class Members who are Former Participants may submit a Rollover Form to direct their share to an individual retirement account or other eligible employer

plan, and otherwise will receive a check. *Id.* §§ 5.6.2–5.6.4. Most Retirement Plan Class Members will receive their share as a Supplemental SIB Credit—additional SIB Units under the Retirement Plan—rather than a cash payment. *Id.* § 5.3.3. Retirement Plan Class Members whose benefits were fully distributed as of the Settlement Effective Date will instead receive a cash payment and may elect a rollover or a check. *Id.* §§ 5.3.5, 5.6.7. Retirement Plan Class Members whose benefits are fully distributed after the Settlement Effective Date will receive a taxable cash payment, without a rollover option. *Id.* § 5.3.6.

10. Prior to filing the Complaint in this action, my colleagues and I conducted a thorough investigation of the claims that were asserted and the factual bases for those claims. That investigation included review of publicly available information regarding the Funds, the Plans, and the prior Allianz lawsuit, as well as documents provided by Plaintiffs. As a result of our investigatory efforts, we filed a detailed, 75-page Complaint on August 2, 2022. Dkt. 1.

11. The parties engaged in substantial discovery, including requests for production and voluminous document productions (including nearly 23,000 pages from Defendants), propounding and responding to interrogatories, and third-party discovery.

12. By mutual agreement, the Parties attended an in-person mediation in Seattle, Washington on September 29, 2025. This mediation was attended by dozens of persons from across the nation, including Plaintiffs' counsel, the Board Defendants and their lawyers, and representatives of Callan and its lawyers. Further, the Parties selected an experienced, capable mediator in Gary McGowan of Houston, Texas, a founding partner of Susman Godfrey & McGowan who has been serving as a professional neutral for the past quarter century.

13. While the mediation was unsuccessful on September 29, 2025, Mr. McGowan kept the Parties talking, and after months of additional settlement discussions guided by Mr. McGowan, settlement terms were reached in or about mid-February 2026 between Plaintiffs and the Board Defendants and their insurer, and in or about May 2026 between Plaintiffs and Callan.

14. I support the Settlement and believe it is fair, as does each of the Plaintiffs. Plaintiffs' more aggressive measure of damages was tempered by two factors. First, the damages



**ENGSTROM LEE**
323 N. WASHINGTON AVE., STE. 200
MINNEAPOLIS, MN 55401
TEL: 612-305-8349

sought by Plaintiffs created significant collection risk in the case of a judgment. In negotiating the Settlement, Plaintiffs carefully considered the possibility that continued litigation would only serve to deplete the amount that could be recovered from Defendants, to the detriment of the Plans and Plaintiffs.

15. Second, as Defendants emphasized in seeking dismissal of this case, the Plans had already recovered their absolute losses from the challenged events from third-party Allianz, meaning any judgment for Plaintiffs in this lawsuit would represent additional profits for the Plans.

## PROFESSIONAL BACKGROUND

16. I am licensed to practice law in the State of Minnesota, and also have been admitted to practice in the United States District Court for the Northern District of Illinois, the United States District Court for the District of Minnesota, the United States District Court for the District of Nebraska, the United States District Court for the Western District of New York, the United States Court of Appeals for the First Circuit, the United States Court of Appeals for the Fourth Circuit, the United States Court of Appeals for the Ninth Circuit, and the United States Court of Appeals for the Eleventh Circuit.

17. I received my law degree from Harvard Law School in 2016 and my B.A. from the University of Minnesota in 2011.

18. I have been actively engaged in the practice of law since 2016, and have substantial class action experience. My practice has focused primarily on class action ERISA cases.

19. Engstrom Lee is a boutique ERISA and employment firm. In 2022 I, along with three of my current partners (Carl Engstrom, Jennifer Lee, and Brandon McDonough), separated from Nichols Kaster PLLP to found Engstrom Lee. Prior to separating from Nichols Kaster, we were attorneys in that firm's ERISA practice group, which had recovered more than $300 million for its clients since Engstrom founded the practice in 2015.

20. My partners and I have the requisite skills and experience necessary to serve as class counsel. I have been appointed class counsel in numerous class actions in ERISA cases



**ENGSTROM LEE**
323 N. WASHINGTON AVE., STE. 200
MINNEAPOLIS, MN 55401
TEL: 612-305-8349

against defendants such as Fidelity, JPMorgan Chase, and Lowe's, among others. My partners have likewise been appointed class counsel in many other class actions against McKinsey & Co., Allianz Asset Management of America, American Century, Putnam Investments, Deutsche Bank, American Airlines, Allina Health System, and Fujitsu, among others. Collectively, we have litigated dozens of ERISA class actions, settling many while taking others to trial. My partners and I have also been invited to speak at industry and bar events on ERISA class actions. None of Plaintiffs' counsel has ever been disciplined or sanctioned and we have comported ourselves ethically in this case. A complete firm biography listing representative matters of Engstrom Lee counsel is attached to my declaration as **Exhibit 2**.

21. Engstrom Lee has co-counseled with Skiermont Derby LLP, which is likewise experienced in class action litigation. Plaintiffs' Counsel has prosecuted this action through the investigation, motion practice, and discovery, and has vigorously represented the interests of the Classes in this litigation.

**NAMED PLAINTIFFS**

22. Plaintiffs Terrance Johnson, Brent Yahraus, and Jacy Purkiss have been actively engaged in the litigation. They aided Plaintiffs' Counsel in their investigation, provided documents to Plaintiffs' Counsel, prepared for and consulted with Plaintiffs' Counsel in settlement negotiations, and were prepared to represent the Classes through trial.

**SETTLEMENT ADMINISTRATOR**

23. Atticus Administration LLC ("Atticus") has been selected to serve as the settlement administrator in this matter. Atticus has extensive experience administering class action settlements, including numerous ERISA settlements in this circuit. A copy of Atticus's company profile is attached as **Exhibit 3**.

24. If appointed, Atticus will mail the approved notices to Settlement Class Members via U.S. Mail, using commercially reasonable efforts to locate the latest address of Class Members, a list of which will be provided by the Plans' recordkeeper. It will also establish the Settlement website and toll-free telephone number.



**ENGSTROM LEE**
323 N. WASHINGTON AVE., STE. 200
MINNEAPOLIS, MN 55401
TEL: 612-305-8349

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 13, 2026

/s/ Mark Thomson
Mark E. Thomson



**ENGSTROM LEE**
323 N. WASHINGTON AVE., STE. 200
MINNEAPOLIS, MN 55401
TEL: 612-305-8349